**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 12 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOHNNY RAY BROWN, | No. 13-17125 |
| Petitioner - Appellant, | D.C. No. 2:10-cv-00407-PMP-GWF |
| v. | |
| BRIAN WILLIAMS; et al., | MEMORANDUM[*] |
| Respondents - Appellees. | |

| | |
|---|---|
| JOHNNY RAY BROWN, | No. 13-17260 |
| Petitioner - Appellee, | D.C. No. 2:10-cv-00407-PMP-GWF |
| v. | |
| BRIAN WILLIAMS; et al., | |
| Respondents - Appellants. | |

Appeal from the United States District Court
for the District of Nevada
Philip M. Pro, Senior District Judge, Presiding

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Submitted March 10, 2015<sup>**</sup>
San Francisco California

Before: WALLACE, M. SMITH, and WATFORD, Circuit Judges.

Petitioner Johnny Ray Brown appeals from the district court judgment denying his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondents cross-appeal from the district court order holding Brown's petition timely based on equitable tolling. Brown challenges his Nevada convictions for battery, sexual assault, burglary, and grand larceny, arguing that he received ineffective assistance of counsel. We have jurisdiction pursuant to 28 U.S.C. § 2253, and, reviewing the district court's decision de novo, we affirm.

We must deny Brown's petition unless the decision of the Nevada Supreme Court "(1) . . . was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) . . . was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

Brown has not shown that the Nevada Supreme Court unreasonably applied the standard for ineffective assistance of counsel found in *Strickland v. Washington*, 466 U.S. 668 (1984). Even if Brown were correct that his trial counsel

---

     **    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

2

provided him with ineffective assistance, Brown has not shown that the Nevada Supreme Court unreasonably determined that prejudice was lacking under the "doubly deferential" *Strickland*/AEDPA standard. *Cullen v. Pinholster*, — U.S. —, 131 S.Ct. 1388, 1410–11 (2011). Given the substantial additional evidence presented at trial that is unaffected by Brown's ineffective assistance claims—including the victim's 911 call, documentation of her physical injuries, and Brown's subsequent flight to Michigan—it was not unreasonable for the Nevada Supreme Court to conclude that Brown's evidence of prejudice fell short of proving that it was reasonably likely that the result would have been different if Brown's counsel had taken a different approach. *Harrington v. Richter*, 562 U.S. 86, 111–12 (2011).

Nor has Brown shown that any of the above holdings were based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Regardless of whether the findings of the Nevada Supreme Court were debatable, or whether we would have reached different conclusions in the first instance, it was not unreasonable for the Nevada Supreme Court to reach the conclusions above in light of the evidence. *Wood v. Allen*, 558 U.S. 290, 300–01, 303 (2010).

Because we conclude that Brown failed to show prejudice under the *Strickland*/AEDPA standard, we need not reach the affirmative defense of equitable tolling.

**AFFIRMED.**